[Crim. No. 38249. Second Dist., Div. Five. Sept. 2, 1980.]

In re PHILLIP A., a Minor, on Habeas Corpus.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Kenneth I. Clayman, Hebe Barrera and Henry J. Hall, Deputy Public Defenders, for Petitioner.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Arnold T. Guminski, Deputy District Attorneys, for Respondent.

OPINION

**HASTINGS, J.**—Petitioner was declared a ward of the court (Welf. & Inst. Code, § 602) on October 20, 1978, after he admitted alleged acts of battery. On November 6, 1978, he was ordered placed in a camp community program. On April 17, 1979, having completed the camp program petitioner was returned to court. It was ordered that he remain a ward of the court, subject to various terms and conditions of probation, including of course that he obey all laws. He was released to his mother's custody.

On April 25, 1980, a Welfare and Institutions Code section 602 petition was filed alleging violations of Education Code section 44812 (insulting and abusing a teacher), Penal Code sections 71 (threatening a school official) and 415.5 (disturbing the peace of a school), and Health and Safety Code section 11357, subdivision (b) (possession of less than an ounce of marijuana). This petition was not denominated a supplemental petition, but it was filed under the same case number as the previous petition.

At a hearing held May 22, 1980, the marijuana charge was found to be true. The remaining charges were dismissed and the matter was continued for a disposition hearing. A probation report, prepared for that hearing, recommended that petitioner be placed home on probation on various conditions, one of which being that he spend 30 days in juvenile hall. (See *In re Ricardo M.* (1975) 52 Cal.App.3d 744 [125 Cal.Rptr. 291].)

The court declined to follow the recommendation, indicating that it intended to order camp commitment for petitioner. Upon argument being made that time in custody could not be imposed for the marijuana offense because an adult convicted of a similar offense could not be incarcerated,[1] the court directed that petitioner be committed to the camp community program on the original (1978) wardship petition.

The within petition for writ of habeas corpus challenges the validity of that order. Petitioner argues first that it was improper to impose time in custody for the Health and Safety Code section 11357, subdivision (b) violation regardless of whether the commitment was made pursuant

---

[1]The maximum penalty for a violation of Health and Safety Code section 11357, subdivision (b) is a $100 fine.

to the first or second Welfare and Institutions Code section 602 petition. He further argues that, in any event, a recommitment on the original Welfare and Institutions Code section 602 petition was improper absent the filing of a supplemental petition and compliance with Welfare and Institutions Code section 777.

Petitioner's first contention is not well founded. We recently had occasion to address an analogous situation in *In re Mark M.* (1980) *ante*, page 873 [167 Cal.Rptr. 461], where time in custody was imposed as a result of the minor's truancy. We held that although truancy in and of itself would not provide a basis for detention of a minor, time in custody was an appropriate disposition where regular school attendance was made a condition of probation for a Welfare and Institutions Code section 602 ward, and that condition was violated. (See also *In re Gerald B.* (1980) 105 Cal.App.3d 119 [164 Cal.Rptr. 193].)

Similarly, although possession of less than an ounce of marijuana is not an offense punishable by incarceration, when obedience of all laws has been imposed as a condition of probation for a Welfare and Institutions Code section 602 ward, time in custody may be imposed for a violation of that condition by possession of less than an ounce of marijuana.

We held in *In re Mark M., supra,* that where physical custody is taken from a parent as a result of a probation violation, the People must proceed in accordance with Welfare and Institutions Code section 777. Here the petition filed April 25, 1980, would have been sufficient under section 777 had it been labeled a supplemental petition. The hearing conducted on the April 25 petition would also have been sufficient to sustain the disposition ordered[2] had it been made clear to petitioner at the outset that the offense was being treated as a violation of probation. This was not done, no mention of the earlier petition being made until objection was raised to imposition of custody on the basis of the second petition. Although it appears that returning petitioner for further proceedings is an act more ceremonial than substantive, due process requires that we err on the side of caution where it is reasonably arguable that adequate notice was not given in a juvenile court proceeding. Since time in custody was an available option on the 1978 petition, but not on the 1980 petition, petitioner's claim of inadequate notice is reasonable.

---

[2]The court found that camp placement was necessary to petitioner's rehabilitation. (See Welf. & Inst. Code, § 777, subd. (a).)

The writ of habeas corpus is granted. The matter is remanded to the trial court for further proceedings consistent with the views expressed herein.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied September 24, 1980, and respondent's petition for a hearing by the Supreme Court was denied October 22, 1980. Manuel, J., was of the opinion that the petition should be granted.