[No. A061592. First Dist., Div. One. Feb. 2, 1994.]

In re KAZUO G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
KAZUO G., Defendant and Appellant.

2

**COUNSEL**

Francia M. Welker, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman, and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DOSSEE, J.**—In this appeal we are asked to decide whether the juvenile court properly imposed a previously stayed commitment to a county institution. We find no error.

## FACTS

Defendant, Kazuo G., a juvenile, was charged in an original petition filed in March 1991 with six offenses.[1] Defendant admitted two of the felony offenses and the two misdemeanors. The remaining counts were dismissed. The juvenile court committed defendant to a county institution for up to six months but "suspended" the commitment and placed defendant on probation with various conditions. At a review hearing held three months later, the court set aside the "suspended" commitment.

On November 22, 1991, defendant was charged in a first supplemental petition with misdemeanor battery. He admitted the offense, and the juvenile court committed him to Boys Ranch for six months, with the commitment "suspended." Again defendant was placed on probation with various conditions. At review hearings held in May and November 1992, the trial court ordered the dispositional orders to remain in effect.

In January 1993, defendant was charged in a second supplemental petition with two misdemeanor offenses: auto tampering (Veh. Code, § 10852) and brandishing a firearm (Pen. Code, § 417, subd. (a)(2)). The first count was dismissed, and after a contested jurisdictional hearing the juvenile court sustained the petition as to the second count. At the dispositional hearing the juvenile court followed the recommendation of the probation report and committed defendant to six months at Boys Ranch.

## DISCUSSION

### A. *Particularized Consideration*

Defendant contends the juvenile court erred in automatically imposing the previously stayed commitment to Boys Ranch without a complete reassessment of defendant's current circumstances. Defendant relies upon the decision of this court that under the juvenile court law a minor is entitled to a disposition specifically tailored to his circumstances and an automatic imposition of a previously stayed dispositional order is invalid. (*In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1087 [12 Cal.Rptr.2d 875].)

---

[1] A seventh offense was later added.

The court in *Ronnie P.* stated the following: "Nor do we find anything suggesting that the court may forego a thorough review of dispositional considerations in favor of a previously 'stayed' Youth Authority commitment. Such a notion runs contrary to the basic purposes, principles, and procedures of juvenile law. The stated central objective of the law with respect to delinquent children is to provide the 'care, treatment and guidance which is consistent with their best interest, which holds them accountable for their behavior, and which is appropriate for their circumstances.' ([Welf. & Inst. Code,] § 202, subd. (b).) To determine what is appropriate under a given set of circumstances, a court must review those circumstances every time the minor appears for a dispositional hearing. Thus, '[j]uvenile courts . . . shall consider the safety and protection of the public and the best interests of the minor in *all* deliberations pursuant to this chapter.' (*Id.*, subd. (d), [italics] added.) '*Each time* a ward comes before the court . . . , the goal of any resulting dispositional order is to rehabilitate the minor.' (*In re Scott K., supra*, 156 Cal.App.3d 273, 277, [italics] added.) A lockstep escalation of dispositions 'falls short of the particularized consideration which underlies the entire juvenile court system.' (*In re Joe A., supra*, 183 Cal.App.3d at p. 29.)" (*In re Ronnie P., supra*, 10 Cal.App.4th at pp. 1087-1088.) "[T]he court is required to examine the entire dispositional picture whenever the minor comes before the court for disposition. It cannot treat an earlier order as 'self-executing' or 'automatic.' " (*Id.* at p. 1088.) "The court cannot determine in advance that if the lesser alternative fails, commitment will become the optimal disposition. Instead a failure of the lesser disposition calls for a complete reassessment of dispositional issues in light of then-prevailing circumstances." (*Id.* at p. 1090.)

We agree with the holding of *Ronnie P.*, but we find no error in the present case. Defendant complains that the procedure employed here was "automatic" such that the court failed to give defendant "particularized consideration." That is, the probation report recommended that the "prior order of county institution commitment be imposed." The juvenile court declared its intention "to follow the recommendation," and the court committed defendant to Boys Ranch for six months. Yet, the probation report's recommendation "that the prior order of county institution commitment be imposed" was not an automatic response to defendant's violation of the conditions of his probation. Rather, it was an alternative reached after an analysis of the dispositional evidence: defendant's criminal history, his history on probation, his progress in school, and his home situation. In following the probation report's recommendation, the juvenile court did not forgo a review of dispositional considerations. The court obviously rejected probation as an alternative disposition in light of defendant's criminal conduct while on probation. The court made a specific finding that defendant had been tried

on probation and had failed to reform. Unlike the situation in *Ronnie P.*, the juvenile court here did not commit the minor to the Youth Authority; the court committed defendant to Boys Ranch, a less restrictive level of confinement. Although the juvenile court's ultimate disposition was identical to the commitment previously stayed, there is nothing to preclude the juvenile court from deciding that a previously stayed commitment is an appropriate disposition. We see nothing to indicate defendant was denied a particularized consideration.

Having rejected defendant's argument on appeal, we now turn to two points raised by the Attorney General.

## B. *Prior Disposition Ineffective*

 Any order of the juvenile court may be modified "as the judge deems meet and proper." (Welf. & Inst. Code, § 775.)[2] But if drastic changes are made in the minor's placement—if the minor is removed from physical custody of his parents, as was done here, or if the minor is committed to the Youth Authority—then the procedural requirements of section 777 must be followed. (*In re Mark M.* (1980) 109 Cal.App.3d 873 [167 Cal.Rptr. 461].) That is, a supplemental petition must be filed and a noticed hearing held. (§ 777.) And the juvenile court must find that the previous disposition has not been effective in the rehabilitation or protection of the minor. (§ 777, subd. (a)(2); Cal. Rules of Court, rule 1431(e)(1)(B); *In re Michael B.* (1980) 28 Cal.3d 548, 552-553 [169 Cal.Rptr. 723, 620 P.2d 173].) Moreover, in order to remove a minor from the physical custody of his parent and commit the minor to an institution for a specified period, the juvenile court must find that the minor had been tried on probation and failed to reform. (§ 726, subd. (b).)[3]

 In the present case the Attorney General candidly points out that the juvenile court made the latter section 726 finding, but did not make the former section 777 finding. The Attorney General argues, however, that the finding under section 726 is "functionally the equivalent of a section 777 determination that the prior disposition had not been effective. . . ."

At first blush, the Attorney General's position seems plausible. There is no discernible difference between a finding that the minor had been tried on probation and failed to reform and a finding that the previous disposition—

---

[2]Unless otherwise indicated, all future statutory references are to the Welfare and Institutions Code.

[3]This rule is subject to exception, if the parent is incapable of caring for the minor or if the welfare of the minor requires removal from parental custody. (§ 726, subds. (a) & (c).)

probation—had proved ineffective in the rehabilitation of the minor. (See *In re Robert M.* (1985) 163 Cal.App.3d 812 [209 Cal.Rptr. 657] [finding that minor violated probation was equivalent to finding that minor had failed to reform on probation]; *In re Nathan W.* (1988) 205 Cal.App.3d 1496, 1501-1502 [253 Cal.Rptr. 312] [same].)

Nevertheless, the two findings cannot be treated as functionally equivalent. The finding that the previous disposition has not been effective is the jurisdictional fact upon which a proceeding under section 777, subdivision (a), is based. (Cal. Rules of Court, rule 1431(e)(1)(B); *In re Joe A.* (1986) 183 Cal.App.3d 11, 26 [227 Cal.Rptr. 831].) Thus, this finding must be made at the end of the jurisdictional hearing. (*In re Eddie D.* (1991) 235 Cal.App.3d 417, 425 [286 Cal.Rptr. 684]; *In re Joe A., supra.*) The juvenile court's finding under section 726, made at the close of the dispositional hearing, cannot satisfy the requirement of section 777, subdivision (a). (*In re Joe A., supra.*)

 Yet, in the present case the juvenile court found at the conclusion of the jurisdictional hearing that the allegations of the second supplemental petition were true. The petition, in turn, alleged that the previous disposition had been ineffective in the rehabilitation of defendant. Hence, the juvenile court's finding that the allegations were true was adequate to satisfy the requirement of section 777, subdivision (a). (*In re Eddie D., supra,* 235 Cal.App.3d at p. 426; *In re Joe A., supra,* 183 Cal.App.3d at pp. 26-27.) That finding was supported by the evidence of defendant's criminal conduct presented at the jurisdictional hearing. (See *In re Eddie D., supra.*)

C. *Authority to Stay a Commitment to County Juvenile Institution*

 As an alternative response to defendant's challenge to the imposition of the previously stayed commitment, the Attorney General argues that language in *In re Ronnie P., supra,* 10 Cal.App.4th 1079, is overbroad and incorrect in suggesting that the juvenile court has no authority to stay a commitment to a juvenile institution of more than 30 days.

The court in *In re Ronnie P., supra,* 10 Cal.App.4th 1079, 1087, found a "complete absence of authority for an order imposing a 'suspended' or 'stayed' Youth Authority commitment." The court noted that in the past courts have permitted the imposition of a brief juvenile hall detention stayed on condition that other dispositional orders be performed. (E.g., *In re Mark M., supra,* 109 Cal.App.3d 873; see *In re Ricardo M.* (1975) 52 Cal.App.3d 744 [125 Cal.Rptr. 291].) The court explained that "[t]his practice has been codified at section 777, subdivision (e), which permits the court to enforce,

upon a violation of 'a condition or conditions of probation,' a 'stayed' order for confinement in a county institution for up to 30 days. The expression of this narrow authorization implies the exclusion of any broader authority for 'stayed' dispositions, under the doctrine of 'expressio unius est exclusio alterius.' (See *In re Michael G.* (1988) 44 Cal.3d 283, 291 [243 Cal.Rptr. 224, 747 P.2d 1152].)" (*In re Ronnie P., supra*, 10 Cal.App.4th at p. 1087; accord, *In re Babak S.* (1993) 18 Cal.App.4th 1077, 1090 [22 Cal.Rptr.2d 893].) The *Ronnie P.* court concluded that "[a] 'stayed' Youth Authority commitment has no place in this [juvenile statutory] scheme." (*In re Ronnie P., supra*, 10 Cal.App.4th at p. 1090.)

Although we agree with and have herein followed the holding of *Ronnie P.* that a previously stayed commitment may not be automatically imposed in a subsequent disposition proceeding, we believe the foregoing dicta from *Ronnie P.* is incorrect. In our view, the authority of the juvenile court when initially placing a minor on probation is not so limited.

When a minor is adjudged a ward of the court under section 602, the juvenile court has various dispositional alternatives, including supervised or unsupervised probation. (§ 727.) Juvenile probation has long been recognized as an alternative to the more serious measure of commitment to a county juvenile institution or to the Youth Authority. (§§ 730, 731; *In re Ricardo M., supra*, 52 Cal.App.3d 744, 749.) Indeed probation is the statutorily preferred alternative. Before a minor is removed from the physical custody of a parent the minor must ordinarily have been tried on probation. (§ 726, subd. (b).)

"Probation" is nowhere defined in the juvenile court law, but there is little doubt that a grant of juvenile probation is an order of release into the community. That is, a minor placed on probation ordinarily remains in physical custody of the parent. (See *In re Nathan W., supra*, 205 Cal.App.3d at p. 1500; but see § 727 authorizing the probation officer to place the minor in the home of a relative, in a foster home or in a community care facility.) Upon the grant of juvenile probation, the juvenile court may impose and require "any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b).)[4]

In *In re Ricardo M., supra*, 52 Cal.App.3d 744, the court held that section 730 authorizes confinement to juvenile hall as a condition of probation: "Its

---

[4]The Penal Code, applicable to adult offenders, defines the term "probation" to mean "the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of the probation officer." (Pen. Code, § 1203, subd. (a).)

The Attorney General argues that the Penal Code's definition of "probation" should apply to juvenile probation such that a juvenile court has authority to impose a commitment to a

purpose is to demonstrate to the minor the road to which continuation of delinquency will lead . . . ." (*Id.* at p. 749.) For the same reason, the Supreme Court has upheld a *stay* of juvenile hall commitment as a condition of probation: "[T]he court could reasonably conclude that . . . the threat of further confinement if he again violated the conditions of probation would serve as a deterrent to delinquent behavior." (*In re Lance W.* (1985) 37 Cal.3d 873, 899 [210 Cal.Rptr. 631, 694 P.2d 744].)

Even the court in *Ronnie P.* acknowledged the "salutary effect" of such a stayed commitment: "Of course, the threat of Youth Authority commitment may have a salutary effect on a particular minor's attitude, and nothing said here should be understood to restrict the court's ability to employ such a threat to encourage the minor's reform." (*In re Ronnie P., supra,* 10 Cal.App.4th at p. 1090, fn. 8.) Yet, the court concluded that ". . . such a warning can have no legal bearing on a subsequent dispositional proceeding. Certainly it cannot operate to foreclose the imposition or continuation of a less restrictive placement." (*Ibid.*)

We reiterate our agreement with *Ronnie P.* that a prior stay of a juvenile commitment may not be automatically lifted at a subsequent dispositional proceeding, but we find the Supreme Court's holding in *In re Lance W., supra,* controlling. A juvenile commitment may be imposed and stayed when probation is granted—to serve as a warning to the minor where his continued delinquency will lead.

Moreover, in our view, subdivision (e) of section 777 contemplates just such a procedure. It provides: "The filing of a supplemental petition and the hearing thereon shall not be required for the commitment of a minor to a county institution for a period of 30 days or less pursuant to an original or a previous order imposing a specified time in custody and staying the enforcement of the order subject to subsequent violation of a condition or conditions of probation, provided that in order to make the commitment, the court finds at a hearing that the minor has violated a condition of probation."

As we read the statute, it merely creates an exception to the requirement of a supplemental petition if the commitment is for 30 days or less.[5]

juvenile institution and to *suspend execution* of the order. We do not find it appropriate or necessary to extend the Penal Code's definition of "probation" to juvenile law. We note, for example, that the term "suspended" as used in the Penal Code, does not apply in juvenile proceedings; the procedure in juvenile proceedings is a "stay" of a commitment to a juvenile institution. (§ 777, subd. (e); Cal. Rules of Court, rule 1430(d); *In re Nathan W., supra,* 205 Cal.App.3d at p. 1501.)

[5]Before subdivision (e) was added, some juvenile courts granted probation and also committed the minor to juvenile hall but stayed the commitment upon certain conditions. The

Contrary to the statement in *Ronnie P.*, section 777, subdivision (e) does not limit the juvenile court's authority to impose and stay a longer commitment. For commitments longer than 30 days the exception created by subdivision (e) will not apply and the general procedural requirements of section 777 (a supplemental petition and noticed hearing) must be followed before the stay is lifted.

Our reading of section 777, subdivision (e), is supported by the decision in *In re Benny S.* (1991) 230 Cal.App.3d 102 [164 Cal.Rptr. 193]. There the juvenile court placed the minor on probation and also imposed 60 days in juvenile hall, with the commitment stayed. The appellate court rejected the minor's argument that the dispositional order violated section 777, subdivision (e): "That subdivision concerns *supplemental*, i.e. probation violation, hearings *not* original disposition hearings, such as the instant hearing. As to such probation violation hearings the section prescribes two different procedures depending upon the ordered custody period. The section does not prohibit, contrary to appellant's contention, a 60-day custody period as a condition of probation. Rather, it merely requires that when such a condition has been stayed, and is later sought to be enforced, a supplemental petition must be filed and a hearing provided." (Italics in original.) (*In re Benny S., supra*, 230 Cal.App.3d at pp. 110-111.)

The court in *Ronnie P.* failed to make the distinction made in *Benny S.* between a stay of commitment, imposed as a condition of probation, and a lifting of the stay when probation has been violated. There is nothing in the statute to limit the juvenile court's authority to stay a commitment to a juvenile institution for more than 30 days *when probation is granted.* The statute comes into play when a condition of probation has been violated: it limits the court's authority to lift the stay and enforce the order of commitment. If the commitment is for more than 30 days, the exception created by subdivision (e) will not apply and the procedural requirements of section 777

---

appellate courts held that before the court could impose the previously stayed time in juvenile hall upon a violation of a condition of probation the procedural requirements of section 777 must be followed. (*In re Ruben A.* (1981) 121 Cal.App.3d 671 [175 Cal.Rptr. 649]; *In re Mark M., supra*, 109 Cal.App.3d 873, 875; *In re Phillip A.* (1980) 109 Cal.App.3d 1004 [169 Cal.Rptr. 88]; see *In re Gerald B.* (1980) 105 Cal.App.3d 119, 126 [164 Cal.Rptr. 193].) Subdivision (e) now eliminates the supplemental petition for such commitments of 30 days or less. (*In re Robert M., supra*, 163 Cal.App.3d 812, 818-819.)

The summary digest accompanying the legislation explained: "Existing law requires a supplemental petition and hearing for the commitment of a juvenile offender who violates a condition of probation after stay of an order imposing time in custody. [¶] This bill would delete the requirement for the supplemental petition and hearing in specified cases." (Legis. Counsel's Dig., Sen. Bill No. 262, 4 Stats. 1981 (Reg. Sess.) Summary Dig., ch. 839, p. 247.)

must be followed: a supplemental petition must be filed and a hearing held. (*In re Benny S.*, *supra*, 230 Cal.App.3d at p. 111.) And the court may not impose the commitment automatically; it must reassess the dispositional issues in light of then-prevailing circumstances. (*In re Ronnie P.*, *supra*, 10 Cal.App.4th 1079.) As long as those requirements are met, however, we find nothing to preclude the juvenile court from modifying the disposition to impose the previously stayed commitment.

The judgment is affirmed.

Strankman, P. J., and Stein, J., concurred.