Filed 11/26/14  In re G.O. CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re G.O., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>G.O.,<br><br>        Defendant and Appellant. | A141020<br><br>(Solano County<br>Super. Ct. No. J40306) |

Appellant G.O. admitted to allegations in a juvenile wardship petition that he inflicted corporal injury on a spouse or cohabitant.  The juvenile court found the offense was a felony, declared a wardship, placed appellant on probation, and ordered him to complete a nine-month program at Changing Paths.  The court further ordered that if appellant failed to comply with the program after he turned 18 years of age, it would recommend he serve the remainder of his time in county jail.

Appellant contends a county jail term is unauthorized by law.  Respondent moves to dismiss the appeal for lack of ripeness, while conceding the juvenile court's order must be reversed if this court reaches its merits.  We deny the motion to dismiss and reverse the judgment.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. *Facts*

The following facts are drawn from reports prepared by the probation department:

Appellant's girlfriend (also the mother of their five-month-old daughter) reported to police that during the early morning hours of November 30, 2013, appellant began yelling at her about talking to other guys. He threatened to kill her and began to strangle her. She did not lose consciousness, but was unable to breathe. After releasing his girlfriend, appellant slapped her in the face several times, causing a swollen lower lip and a bruise to her left eye. He then squeezed scissors around the girlfriend's right little finger, causing marks on both sides of the finger, and threatened to cut her finger off. The girlfriend also sustained cuts to her thumb and shoulder from the scissors.

According to his girlfriend, appellant drank rum and also smoked marijuana throughout the following day.[1] He was drunk when they went to bed that evening. Their infant daughter was sleeping on the floor next to the girlfriend's side of the bed. The couple argued again regarding her talking to other boys. The argument woke up their daughter, and she started to cry. Appellant slapped his daughter across the face, leaving a red mark. He picked the infant up and threw her to the girlfriend. Appellant got back into bed, telling his girlfriend, "I told you before that if she wakes me up, I'd slap her." The girlfriend left with their daughter once appellant fell asleep, and contacted the police.

## B. *Wardship Proceedings*

A juvenile wardship petition filed on December 3, 2013, pursuant to Welfare and Institutions Code section 602, subdivision (a), alleged appellant committed, in count 1, assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)); in count 2, corporal injury to a spouse or cohabitant (Pen. Code, § 273.5, subd. (a)); and in count 3, child abuse (Pen. Code, § 273a, subd. (a)).

---

[1] Appellant told the probation officer he drank a liter of tequila that night.

Appellant entered a negotiated admission to count 2 of the petition (corporal injury to a spouse or cohabitant), and the court dismissed counts 1 and 3. The court found the offense was a felony.

Prior to the instant petition, appellant admitted to one count of receiving stolen property (Pen. Code, § 496) on August 25, 2010. He and two other boys jumped another boy. The other two boys punched and fought with the victim before stealing his bicycle. Appellant was declared a ward of the court, placed in the custody of his mother, and put on probation.

On November 3, 2010, appellant admitted to one count of making criminal threats as a misdemeanor (Pen. Code, § 422) and one count of lewd conduct in public as a misdemeanor (Pen. Code, § 647, subd. (a)) for sexually harassing and threatening a girl at his school over an extended period. He was placed on probation and ordered to complete sexual offender counseling. On March 23, 2012, appellant completed his probation and the juvenile court's jurisdiction over him ended.

The probation officer reported in her social study that appellant started drinking alcoholic beverages when he was nine, and by the time he was detained on these offenses, was drinking several bottles of tequila during social gatherings. Appellant began smoking marijuana at age 10 and continued to smoked marijuana on a daily basis. Appellant had previously been shot in the arm and stabbed several times in his back. He had several Sureño tattoos.

In her disposition report, the officer recommended commitment to Changing Paths for nine months and, if appellant failed to comply with his treatment program there, service of the remainder of his commitment time in county jail: "There is a serious concern with the minor's behavior in the instant offense, and he presents a significant risk to community safety. The minor accepts minimal responsibility for his actions and the victim reports a pattern of abuse, which she believes . . . may continue. . . . Changing Paths will offer a certain degree of community safety, while offering the minor various cognitive behavioral groups, his education [*sic*], body conditioning, and Boys to Men Mentoring. . . . [E]xposure to rehabilitative services may prepare him for his participation

3

in a 52-week domestic violence program [after his release from custody]. . . . [¶] . . . Should the minor fail to comply with the treatment program after his eighteenth birthday,[2] it is recommended that he serve the remain[der] of his commitment in county jail."

At the conclusion of the contested dispositional hearing, the court ordered the following disposition: ". . . I will follow the recommendations of the Department. [¶] . . . [¶] The minor will be adjudged a ward of the Court. [¶] He will be placed on probation, under the terms and conditions . . . starting on page three [of the written dispositional order]. . . . [¶] . . . [¶] The minor is committed to the care, custody, and control of the probation officer for placement in the Juvenile Hall. The minor shall remain in Juvenile Hall pending further order of the Court. He's committed to the Solano County Juvenile Hall for 307 days. [¶] . . . [¶] He shall serve a nine-month commitment to Changing Paths, with a release date of October 4th, 2014. *Should the minor fail to comply with the program after his 18th birthday, . . . it's the Court's intention that the minor serve his remaining time in county jail*." (Italics added.)

The January 10, 2014 written dispositional order provided: "Minor to serve a 9 month Commitment to Changing Paths . . . . Should the minor fail to comply with the program after his 18th birthday . . . , it is recommended that he serve his remaining time in county jail."

## C. *Appellate Proceedings*

Appellant filed a timely notice of appeal from the dispositional order. On June 3, 2014, appellant filed his opening brief in this court challenging the juvenile court's dispositional order on the sole ground that the portion concerning a possible commitment to county jail was unauthorized by law. Respondent filed a motion to dismiss, asserting the appeal was not ripe because no order committing appellant to county jail had been

---

[2] Appellant was within two weeks of his 18th birthday at the time of the January 10, 2014 dispositional hearing.

4

made.  We deferred consideration of the motion to dismiss to the decision of this appeal on its merits.

## II.  DISCUSSION

Welfare and Institutions Code section 202 states:  "Minors under the jurisdiction of the juvenile court as a consequence of delinquent conduct shall, in conformity with the interests of public safety and protection, receive care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances.  This guidance may include punishment that is consistent with the rehabilitative objectives of this chapter."  (*Id.*, § 202, subd. (b).)  Subdivision (e) of section 202 states the term "punishment" means the imposition of sanctions and specifies such sanctions "may include . . . [¶] . . . [¶] . . . Commitment of the minor  to a local detention or treatment facility, such as a juvenile hall, camp, or ranch," or to "the Division of Juvenile Facilities, Department of Corrections and Rehabilitation."  (*Id.*, subds. (e)(4), (5).)  The case law has uniformly held that placing a juvenile ward in an adult facility such as county jail is not authorized by the juvenile court law.  (See *In re Jose H.* (2000) 77 Cal.App.4th 1090, 1099–1100 [juvenile court may not commit an 18-year-old ward to county jail]; *In re Kenny A.* (2000) 79 Cal.App.4th 1, 7–8 [commitment of 18-year-old ward to juvenile hall with the understanding he would be transferred to county jail is not authorized by the wardship statute]; *In re Charles G.* (2004) 115 Cal.App.4th 608, 618 [agreeing with *Kenny A.* and *Jose H.* that transfer of 18-year-old ward to county jail not authorized by law].)

In the face of the foregoing authorities, respondent concedes that if this court reaches appellant's claim on its merits, the juvenile court's dispositional order should be reversed.  The concession is well-taken.  Accordingly, the issue raised by respondent's motion to dismiss—whether the challenged portion of the juvenile court's order is ripe for appellate review before any commitment to county jail has been ordered—is dispositive.

Respondent's position is that any jail commitment is purely speculative at this point because appellant has not been terminated from the Changing Paths program,[3] and assuming he was terminated, the juvenile court could not enter an order committing him to county jail without first holding a probation violation hearing as required by Welfare and Institutions Code section 777 and entering a new dispositional order.  (See *In re Jose T.* (2010) 191 Cal.App.4th 1142, 1147–1150 [dispositional modification following a probation violation requires a noticed hearing and individualized, reasoned consideration of the circumstances existing at the time].)  Further, respondent maintains the juvenile court's dispositional order was merely tentative, stating the court's "intention" to order a jail commitment should appellant be terminated from Changing Paths, leaving room for the court to change its mind about any such commitment if appellant failed in the program.  Because all of these contingencies render any future jail commitment speculative and uncertain, the minor's appeal is premature according to respondent, and seeks in essence an impermissible advisory opinion about how the law would apply to a hypothetical state of facts.  (See *Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170–171 (*PLF*) [ripeness doctrine generally prevents courts from issuing purely advisory opinions on matters before the controversy between the parties has become sufficiently "definite and concrete"].)

In *PLF* the Supreme Court held that evaluating ripeness requires consideration of " 'both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' "  (*PLF, supra*, 33 Cal.3d at p. 171, italics omitted.)  Thus, if a case presents a clear-cut issue of law and a delay in deciding it would place one or more parties at risk of suffering a penalty if they guessed wrong about how the legal issue would ultimately be decided, this would weigh against deferring a decision to a later point.  (See *id.* at pp. 171–172.)  On the other hand, if the case presents complex

---

[3] Appellant's release date from Changing Paths was October 4, 2014, with an annual review scheduled for October 8, 2014.  Because appellant remains on probation and subject to the court's January 10, 2014 dispositional order, the legality of the order is not moot.

questions about how the law would apply in different factual scenarios, and the effects of delay are not felt in any concrete way by the challenging party, the case may be deemed not ripe for determination. (*Id.* at pp. 172–173.)

In our view, both factors weigh in favor of deciding the present appeal on the merits. As discussed, the issue of whether a county jail term may be imposed on appellant involves no complicated analysis of how the law might or might not apply in the future to a factual record that is still developing. The issue is purely one of law and its application in this case is wholly undisputed. Here, the only factor potentially weighing against adjudication of the appeal on the merits is whether a delay in deciding the legal issue would work a hardship or is felt in any concrete way by the appellant. We answer that question in the affirmative. The dispositional provision in issue is in practical effect a stayed or suspended order of commitment to county jail. The well-recognized purpose of stayed commitment orders is to provide a threat or warning to the minor to encourage his reform. (See *In re Kazuo G.* (1994) 22 Cal.App.4th 1, 9; *In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1090, fn. 8.) The value of such a "sword of Damocles is that it hangs—not that it drops." (*Arnett v. Kennedy* (1974) 416 U.S. 134, 231 (dis. opn. of Marshall, J.).) The practice of staying commitment orders to promote compliance with juvenile probation terms has generally won approval from the appellate courts as long as lifting of the stay is not made automatic upon violation of probation. (See *In re Jose T.*, *supra*, 191 Cal.App.4th at p. 1147.) To this stipulation we would add that the commitment stayed must also be one legislatively sanctioned. Where, as here, the court has imposed a form of coercion the Legislature has impliedly deemed to be inconsistent with the purposes of the juvenile law, the coercion itself must be deemed an undue hardship regardless of whether the order of commitment to county jail ultimately comes to pass. In our view, the order is therefore ripe for review on this appeal.

Furthermore, the ripeness doctrine "should not prevent courts from resolving concrete disputes if the consequence of a deferred decision will be lingering uncertainty in the law." (*PLF*, *supra*, 33 Cal.3d at p. 170.) The court in this case followed the probation department's recommendation. If we adopted respondent's view of ripeness,

we may presume the probation department will continue to make similar recommendations for stayed or presumptive county jail commitments until the issue becomes ripe in this or another case. We are unwilling to countenance such a delay in clarifying for the department and the juvenile court that the form of disposition the department recommended in this case is not authorized by law.

For these reasons, we will deny the motion to dismiss and reverse the juvenile court's dispositional order on the grounds a commitment to county jail was not authorized by law in this case.

### III. DISPOSITION

The motion to dismiss is denied. The judgment is reversed and the matter is remanded to the juvenile court to reconsider its dispositional order in light of the views expressed in this opinion.

8

_____
Margulies, J.

We concur:

_____
Humes, P.J.

_____
Dondero, J.