
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL ROMO-JIMENEZ, | No. 11-73647 |
| Petitioner, | Agency No. A024-235-086 |
| v. | |
| LORETTA E. LYNCH,** Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2015***
San Francisco, California

Before: PAEZ, BERZON, and TALLMAN, Circuit Judges.

  Miguel Angel Romo-Jimenez, on November 30, 2011, petitioned for review

of the Board of Immigration Appeals decision denying derivative citizenship

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **  Loretta E. Lynch is substituted for Eric H. Holder, Jr. as Attorney
General.  Fed. R. App. P. 43(c)(2).

  ***  The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

through his mother, Maria Jimenez, a naturalized citizen. On August 27, 2013, we transferred the case to the United States District Court for an evidentiary hearing to determine who had legal custody of Romo-Jimenez while he was incarcerated as a minor with the California Youth Authority. On November 6, 2014, the district court adopted the magistrate's determination that Romo-Jimenez "was removed from his mother's custody and control by [] August 29, 1995," and, "[u]nder California law, she no longer had legal custody of [Romo-Jimenez] while he was incarcerated in the California Youth Authority."

While the parties dispute what standard of review we should accord the district court's determination, under either standard—de novo or clearly erroneous—Romo-Jimenez has failed to establish eligibility for derivative citizenship.

The statutory language relevant in this case, 8 U.S.C. § 1432(a), states that "[a] child born outside of the United States of alien parents . . . becomes a citizen of the United States upon . . . [t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents"; the child "is under the age of eighteen years"; and the child "resid[es] in the United States pursuant to a lawful admission for permanent residence." 8 U.S.C. § 1432(a) (repealed 2000). Romo-Jimenez must establish all three elements to automatically

2

derive citizenship. The only disputed issue is whether during the relevant time frame (the date of his mother's naturalization until Romo-Jimenez's eighteenth birthday) he was in his mother's or the state's "legal custody" within the meaning of the statute.

"[W]e look to the law of California—the state with jurisdiction over [Romo-Jimenez's custody]—when deciding whether [Ms. Jimenez had legal custody of her son]." *Minasyan v. Gonzales*, 401 F.3d 1069, 1077 (9th Cir. 2005). Under California law, legal custody is "the right and the responsibility to make the decisions relating to the health, education, and welfare of a child." Cal. Fam. Code §§ 3003, 3006. Pursuant to the August 29, 1995, Juvenile Court minute order, Romo-Jimenez was "removed from the custody and control of [his] parent," and "[c]ommitted to the California Youth Authority . . . ." The order provided that the Probation Officer could "authorize such medical, surgical, dental or other remedial care by a licensed practitioner as . . . [it] appears necessary."

Romo-Jimenez contends that his mother at least shared legal custody with the California Youth Authority. But California law holds that "custody awarded by the juvenile court to [a probation department] *is* the minor's *legal* custody." *In re Nathan W.*, 205 Cal. App. 3d 1496, 1500 (1988) (first emphasis added); *see also In re Grimmer*, 259 Cal. App. 2d 840, 844 (1968) ("We conclude that the juvenile

3

court orders removing custody from the parents and awarding it to the probation officer for foster home placement 'legally deprived' the mothers of custody."). Thus, Romo-Jimenez has failed to establish that under California law Ms. Jimenez had legal custody of him, shared or otherwise, at the time of her naturalization, because he was a ward of the State and incarcerated with the California Youth Authority during the relevant time frame.

Accordingly, the district court's findings are **AFFIRMED** and Romo-Jimenez's petition is **DENIED**.