[No. D051599. Fourth Dist., Div. One. Aug. 11, 2008.]

In re JAMES C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JAMES C., Defendant and Appellant.

**Counsel**

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Scott C. Taylor and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

**O**PINION

**HUFFMAN, Acting P. J.**—Although the juvenile court has broad discretion to fashion probation conditions in delinquency cases, here we are presented with a probation condition that impermissibly infringed upon the minor's constitutional rights of freedom of travel, association and assembly.

The juvenile court declared James C. a ward (Welf. & Inst. Code, § 602) after he entered a negotiated admission to receiving a stolen vehicle (Pen. Code, § 496d). The court placed James on probation and stayed a commitment to Camp Barrett for a period not to exceed 365 days, on the condition that James return to his residence with his grandparents in Tijuana, Mexico and not return to the United States while on probation. James is a citizen of the United States, and his grandparents are his legal guardians.

James appeals, contending the probation condition that he not enter the United States was (1) unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 [124 Cal.Rptr. 905, 541 P.2d 545] (*Lent*), and (2) unconstitutional. We agree.

FACTS

On May 30, 2007, James, then 17 years old, attempted to drive a stolen vehicle into the United States at the San Ysidro port of entry. Officers at the primary crossing lanes stopped the vehicle and James was arrested. While inspecting the vehicle, officers discovered undocumented persons in it.

After his arrest, James told officers that he knew the vehicle had been tampered with, but he was forced to drive it across the border by threats that "something" would happen to him if he refused.

At the disposition hearing, the juvenile court and counsel discussed James's participation in attempting to smuggle undocumented immigrants across the border into the United States. The court then issued its order: "Here is what I'm going to do . . . I agree with [defense counsel], we're sometimes not consistent with these cases, these border cases. I have begun a consistent—what I think is consistent disposition for most of these cases. And I'm going to follow that in this case as well. [¶] James is placed on section 602 probation on condition, number one, he is committed to Camp Barrett for a period not to exceed 365 days. That commitment is stayed. That means I'm sending you to camp for a year, but I'm not going to make you go today. You violate my orders you will go without any further discussions. You will be

returned to your grandparents. They'll return you to Mexico. Tijuana. You will not enter this country while on probation to this court . . . . [¶] . . . [¶] I mean, you're not coming back into this country. I don't care if you are a citizen. I don't care if you have papers. You have no business, as terms of probation, coming back into the country after what you did in this case. So you will not re-enter this country. If you do, you go across the border, they will run you in the computer and it will show up that you're on probation to the court. They'll bring you here and they'll bring you to Camp Barrett for 365 days."

## DISCUSSION

### I

### *PROBATION CONDITION WAS UNREASONABLE*

James contends the probation condition prohibiting him from entering the United States was unreasonable. The contention has merit.

Preliminarily, we reject the Attorney General's argument that James forfeited his right to challenge the probation condition as unreasonable because he did not object below on this basis. (See *People v. Welch* (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802].) The Attorney General argues that defense counsel only objected to the probation condition on the basis that it violated his citizenship rights. However, defense counsel also told the court that it was not fair to prohibit James from entering the United States. And defense counsel also asked the court to reconsider the condition, pointing out, among other things, that James's crime was vehicle theft, not aiding and abetting smuggling. In our view, defense counsel made an adequate record to challenge the probation condition on the basis that it was unreasonable.

■ The main purpose of probation "is to ensure '[t]he safety of the public . . . through the enforcement of court-ordered conditions of probation.' (Pen. Code, § 1202.7.)" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120 [43 Cal.Rptr.2d 681, 899 P.2d 67] (*Carbajal*).) The Legislature has declared the primary considerations in granting probation to be: "the nature of the offense; the interests of justice, including punishment, reintegration of the offender into the community, and enforcement of conditions of probation; the loss to the victim; and the needs of the defendant." (Pen. Code, § 1202.7.)

■ Further, the Legislature instructs: "The court may impose and require . . . [such] reasonable conditions, as it may determine are fitting and

proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ." (Pen. Code, § 1203.1, subd. (j).)

When a court grants probation, it has broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. (See, e.g., *Lent, supra*, 15 Cal.3d at p. 486.) "The trial court's discretion, although broad, nevertheless is not without limits: a condition of probation must serve a purpose specified in the statute." (*Carbajal, supra*, 10 Cal.4th at p. 1121.) Probation conditions that regulate conduct "not itself criminal" must be "reasonably related to the crime of which the defendant was convicted or to future criminality." (*Lent, supra*, at p. 486.) "As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or ' " 'exceeds the bounds of reason, all of the circumstances being considered.' " ' " (*Carbajal, supra*, at p. 1121.)

■ In imposing probation conditions, the juvenile court's power is even broader than that of a criminal court. (*In re Christopher M.* (2005) 127 Cal.App.4th 684, 692 [26 Cal.Rptr.3d 61].) Welfare and Institutions Code sections 727 and 730 authorize "the juvenile court [to] impose and require 'any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " (*In re Kazuo G.* (1994) 22 Cal.App.4th 1, 8 [27 Cal.Rptr.2d 155].)

However, regardless of the juvenile court's broad discretion to impose probation conditions, its authority to do so is not without bounds.

James had no criminal history and no history of involvement with alcohol, drugs or gangs. He was not a high risk to reoffend. Prohibiting James from entering the United States was not reasonably related to his crime of receiving a stolen vehicle or to future criminality. The probation condition did not have a rehabilitative purpose. For example, typically in theft offenses, a condition of probation is to attend an antitheft course, but James's probation condition to not enter the United States makes an antitheft course monitored by a probation officer impractical.

We conclude the probation condition that James not enter the United States was unreasonable.

## II

### *PROBATION CONDITION WAS UNCONSTITUTIONAL*

James contends the probation condition was unconstitutional. The contention has merit.

■ "Probation conditions have been upheld even though they restrict a probationer's exercise of constitutional rights if they are narrowly drawn to serve the important interests of public safety and rehabilitation . . . ." (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1084 [22 Cal.Rptr.2d 893].) But when a probation condition effectively banished the probationer from his own country, courts have found the condition unconstitutional.

In *In re Babak S., supra,* 18 Cal.App.4th at page 1082, the court suspended a commitment to the California Youth Authority on the condition that the minor reside with his parents in Iran for two years, report to the probation officer as directed and not change his place of residence without the prior approval of the probation officer. Noting that the probation conditions effectively constituted a two-year banishment from the United States, the Court of Appeal found they did not pass constitutional muster. (*Id.* at pp. 1084–1085.) "Notwithstanding the good intentions of all the concerned parties in this case, the probation condition lacked any reasonable nexus to Babak's present or future criminality, violated his constitutional rights of travel, association, and assembly, and constituted a de facto deportation. In sum, we can perceive no reasonable basis for sustaining a condition requiring a minor to absent himself from the country of his residence." (*Id.* at p. 1085, fn. omitted.)[1]

Appellate courts in other cases involving similar banishment probation conditions have held that such conditions are constitutionally infirm. In *In re White* (1979) 97 Cal.App.3d 141 [158 Cal.Rptr. 562], the trial court granted probation to a woman who pled guilty to prostitution on the condition that she not enter a specific designated area of the city. (*Id.* at pp. 143–144.) In throwing out the condition, the Court of Appeal noted: "In this case the matter of reasonableness is intertwined with constitutional issues. We conclude that the condition does not pass constitutional muster. . . . We conclude

---

[1] In *In re Babak S., supra,* 18 Cal.App.4th at page 1081, the probation officer recommended the probation condition after Babak's parents' request that the minor be permitted to live with them in Iran. Here, James's grandparents, who are his legal guardians, requested that James be placed with them.

that the right to intrastate travel (which includes intramunicipal travel) is a basic human right protected by the United States and California Constitutions as a whole. Such a right is implicit in the concept of a democratic society and is one of the attributes of personal liberty under common law. (See 1 Blackstone, Commentaries 134; U.S. Const., art. IV, § 2 and the 5th, 9th and 14th Amends.; Cal. Const., art. I, § 7, subd. (a) and art. I, § 24 . . . . [¶] . . . [¶] Many other fundamental rights such as free speech, free assembly, and free association are often tied in with the right to travel. It is simply elementary in a free society. Freedom of movement is basic in our scheme of values. (*Kent* v. *Dulles* (1958) 357 U.S. 116, 126 [2 L.Ed.2d 1204, 78 S.Ct. 1113].)" (*Id.* at pp. 148–149; see also *People v. Beach* (1983) 147 Cal.App.3d 612, 621–623 [195 Cal.Rptr. 381] [probation conditioned on probationer relocating from community where she had lived for more than 20 years].)

In *People v. Bauer* (1989) 211 Cal.App.3d 937, 940 [260 Cal.Rptr. 62], the trial court granted probation on the condition, among other things, that the defendant obtain the probation officer's approval of his residence. The Court of Appeal found this condition was unreasonable and an impingement on the defendant's constitutional right to travel and to freedom of association. (*Id.* at p. 944.)

More recently, the Court of Appeal in *Alhusainy v. Superior Court* (2006) 143 Cal.App.4th 385 [48 Cal.Rptr.3d 914], held that a part of a plea bargain in which the defendant agreed to leave California was invalid. (*Id.* at pp. 390–392.)

■ Here, it cannot be reasonably argued that the probation condition banishing James from the United States was narrowly drawn or specifically tailored to James. (See *In re Babak S., supra*, 18 Cal.App.4th at p. 1084.) Under the condition, James, a United States citizen, was completely banished from his country; the condition violated his constitutional rights of freedom of travel, assembly and association.

■ "The court's power to condition probation 'is not boundless . . . . Human liberty is involved. A probationer has the right to enjoy a significant degree of privacy, or liberty, under the Fourth, Fifth and Fourteenth Amendments to the federal Constitution.' " (*People v. Bauer, supra*, 211 Cal.App.3d at pp. 940–941.) James's constitutional rights were violated, as the Attorney General concedes.

## DISPOSITION

The part of the dispositional order that conditioned probation on James's living in Mexico and not returning to the United States is reversed.

McIntyre, J., and Aaron, J., concurred.