Filed 5/13/13  In re Carlos G. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re CARLOS G., a Person Coming Under the Juvenile Court Law. | |
| | D062787 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J232117) |
| v. | |
| CARLOS G., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed as modified.

Law Office of Alissa L. Bjerkhoel and Alissa L. Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lilia E. Garcia and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, Carlos G. (Minor) admitted count 1 in a juvenile court petition, which alleged he imported a controlled substance in violation of Health and Safety Code section 11379, subdivision (a). Thereafter the court dismissed the remaining counts and allegations with a *Harvey*[1] waiver.

At the disposition hearing, the court placed the Minor on probation subject to a 60 to 90-day commitment to the short term offender program (STOP) and a number of other conditions. The Minor, who is a U.S. citizen, was placed with his mother in Tijuana, Mexico.

The Minor appeals contending the juvenile court erred in failing to calculate the Minor's predisposition custody credits and that one of the probation conditions is unconstitutionally vague and overbroad. We agree the court was required to calculate the Minor's predisposition custody credits, although such credits would not serve as a deduction from the time required to participate in the STOP program. Otherwise, we will reject the Minor's remaining contention and affirm.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754, 758.

STATEMENT OF FACTS

Since the Minor does not challenge the factual basis for his admission, we will only summarize the facts of the offense in order to provide context for the discussion which follows.

On August 24, 2012, the Minor attempted to enter the United States from Mexico. He was contacted by U.S. agents who discovered the Minor had 3.2 pounds of methamphetamine in various packages taped to his legs.

The Minor waived his *Miranda*[2] rights and admitted he was intentionally bringing an illegal substance into the country. He said he was going to be paid $700 for his work.

DISCUSSION

I

*CUSTODY CREDITS*

At the disposition hearing the juvenile court did not calculate the time the Minor spent in custody prior to that hearing. The parties agree that the Minor spent 32 days in custody prior to the disposition hearing.

The Minor contends he is entitled to have 32 days calculated as a credit against his maximum term of confinement. (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067; *In re Lorenzo L.* (2008) 163 Cal.App.4th 1076, 1079.)

In the respondent's brief, the People first contend the Minor is not entitled to a credit calculation because he was not ordered to serve the maximum custody. We think

---

2        *Miranda v. Arizona* (l966) 384 U.S. 436.

the respondent misunderstood the Minor's contention. As the Minor makes clear in his reply brief, he is not arguing for a credit against the time he was ordered to spend in the STOP program. Rather, he simply asks that the actual credits be calculated so that if he ever violates probation, his time in predisposition custody will have been established.

We agree the Minor is entitled to the calculation of custody credits, indeed it is the juvenile court's duty to make such calculation. (*In re Emilio C., supra*, 116 Cal.App.4th at p. 1067.)

Since the parties are in agreement that the Minor is entitled to 32 days of pre-disposition credits, we order the juvenile court to modify its dispositional order to reflect the Minor is entitled to 32 days of predisposition credits against the maximum term for which he may be liable based on the true finding. (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764.)

## II

### *PROBATION CONDITION*

The Minor contends, for the first time on appeal, that one of his probation conditions is vague and overbroad. Specifically, he challenges the condition imposed by the juvenile court that when he crosses the international border, he must notify "the agents at the border that he is on probation in the United States for smuggling methamphetamine across the border." The Minor did not object to the condition and told the court he understood the requirements of the condition.

The Minor now contends he was not required to object to the condition and that the condition is vague because he might not know which, or how many agents "at the

4

border" he must inform of his probation condition. He further argues that so informing agents will likely subject him to searches and delays in crossing the border, which is a de facto banishment.

First, we find the issue forfeited for failure to object. Second, we are satisfied the condition is not vague and that the condition is directly related to his rehabilitation from the current offense. Finally, we reject the argument that he will be effectively banished from the country if he is subjected to possible searches when he crosses the border.

## A.  Standard of Review

Juvenile courts exercise wide discretion in structuring conditions of probation for minors. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910.) We review the juvenile court's decision to impose probation conditions under the abuse of discretion standard. (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) A condition that might be unconstitutional as to an adult may be appropriate for a minor under the supervision of the juvenile court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.)

## B.  Legal Principles

As an ordinary proposition, a person may not challenge a condition of probation for the first time on appeal. Ordinarily, an objection in the trial court is necessary to preserve the issue for appellate review. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.) There are circumstances, however, where a probation condition may be challenged on appeal without having objected in the trial court. (*In re Sheena K., supra*, 40 Cal.4th at p. 888.) However, the exception carved out in *Sheena K.* applies to challenges that are essentially legal in nature, akin to a facial challenge for vagueness or for overbroad

5

intrusions into otherwise lawful activities. (*Id.* at p. 890.) The court in *Sheena K.* noted that generally a minor should object to such conditions in order to allow the trial court to correct any problem that may exist. (*Id.* at p. 889.)

A condition of probation is not overbroad if it is narrowly tailored and reasonably related to the minor's underlying crime and his rehabilitation. (*Alex O. v Superior Court* (2009) 174 Cal.App.4th 1176, 1183.) In order for a condition to be constitutionally overbroad it must impose some concrete impairment on constitutionally protected conduct. (*People v. Rubalcava* (2000) 23 Cal.4th 322, 333.)

The right to travel is a protected interest, and unnecessary restrictions on that right, including effective banishment from a state or the country, can be unlawful. (*In re James C.* (2008) 165 Cal.App.4th 1198, 1203.) On the other hand, a minor's right to travel can be reasonably restricted to the extent necessary to aid in the minor's rehabilitation. Thus, in *Alex O. v Superior Court, supra,* 194 Cal.App.4th 1176, the court approved a condition requiring the minor to notify his probation officer before entering the United States. (*Id.* at p. 1183.)

Finally, as to vagueness, the term of probation must be sufficiently precise for the minor to know what is required, and for the court to know when such condition has been violated. (*In re Sheena K., supra,* 40 Cal.4th at p. 890.)

## C. Analysis

Starting first with forfeiture, we are satisfied this case does not fall within the exceptions to the requirement for objection in the trial court. The questions raised here are not really issues of law, which can be resolved without reference to the facts of the

6

case. The condition is plainly directed to preventing the very criminal activity which brought the Minor into the juvenile justice system. He clearly needs to be deterred from such conduct. The court had also imposed a search and seizure condition on him before requiring the Minor to also notify border agents about his probation condition.

The arguments the Minor makes here include the claim he might get searched at the border and that might work a banishment. He also argues he might not know how many agents to notify. Yet he told the court he understood the condition, and without challenge has agreed to subject himself to search without warrant or probable cause.

So, to try to discern vagueness or alleged over breadth of the condition we have to look at the facts of the offense, and the relationship of this condition to the offense and whether the Minor was informed of what he must do. Contemporaneous objection would have allowed the court and counsel to address any uncertainty or to make such modifications as would have allowed the court to more narrowly tailor its action if appropriate. *In re Sheena K, supra,* 40 Cal.4th 875, does not overrule the requirements of *People v. Welch, supra,* 5 Cal.4th 228. Accordingly we find the challenge to this condition was forfeited by failure to raise the issue in the juvenile court. However, out of an abundance of caution we will consider the challenges to the condition on the merits.

Dealing first with vagueness, the Minor argues the condition is vague because he might not know which or how many agents "at the border" he must inform. Of course, the Minor, who regularly crosses the border, did not express any doubts. The obvious import of the requirement of notification is so that government agents working at the border with whom the Minor has contact know he is on probation for smuggling. While

7

it is always possible to speculate as to hypothetical circumstances, we think a common sense reading of the condition clearly directs the Minor to alert the agents at the border, with whom he comes into contact about being on probation for smuggling.

Will such disclosures prompt searches and delays?  Probably so.  But then, the potential for such searches should keep the Minor aware that future smuggling efforts are likely to lead to discovery and arrest.  That, of course, is the point of the requirement.

Finally, the Minor argues the delays in crossing the border will be de facto banishment.  There is no support in this record for the assertion.

Ironically, the Minor recognizes courts have upheld requirements for notification of a minor's probation officer before crossing the border.  Why such a condition?  The answer would be so the probation officer could notify border officials who could, in turn, conduct such searches as might be warranted.  What would be the effect of notification by the probation officer?  Such notification would likely result in searches and delays. The burdens of those searches and delays are the unfortunate result, particularly in this case, of criminal conduct which needs to be deterred if the court is to attempt to keep a minor away from future, and perhaps more serious criminal activity.

The current condition is not a banishment and is a reasonable limitation on crossing the border, where the Minor has already been drawn into serious criminal smuggling activity.  The condition of probation at issue here is valid.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.