Filed 7/30/14  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058585 |
| v. | (Super.Ct.No. FSB1105827) |
| LARRY MICHAEL SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed as modified.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood, Meagan J. Beale and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Larry Smith is on three years of formal probation after a jury convicted him of grand theft of personal property for taking construction equipment and other items from the property he was renting. Although he agreed to them at sentencing, defendant now challenges the probation conditions regarding alcohol and the finding that he has the ability to pay $200 for counsel fees. As discussed below, we modify the judgment to strike the counsel fees but otherwise affirm.

## FACTS AND PROCEDURE

Defendant operated an automobile repair business on property he rented. When the property owner re-entered the property after evicting defendant for non-payment of rent, he found that the locks on his storage containers had been cut and approximately $50,000 worth of construction equipment had been stolen. The property owner was able to trace much of the equipment to people who purchased it from defendant, believing it was his to sell. Defendant admitted to taking and selling the equipment but claimed he was justified in doing so because he sustained unreimbursed losses when the property flooded.

On January 30, 2013, a jury convicted defendant of grant theft of personal property. (Pen. Code, § 487, subd. (a).)[1]

On March 4, 2013, at the outset of the sentencing hearing, defense counsel stated "I have gone over the terms with him and he indicates he can comply with probation." The trial court then sentenced defendant to three years of formal probation on condition

_____

[1] All further references are to the Penal Code unless otherwise indicated.

that he serve 180 days in county jail. In condition number 15, the court ordered that defendant "Neither possess nor consume any alcoholic beverages nor enter places where such beverages are the chief item of sale, and submit to tests at the direction of the probation officer." In condition number 16, the court ordered defendant to attend counseling; in condition number 23, NA/AA meetings. The court also found that defendant "has the present ability to pay appointed counsel fees in the amount of $200.00 . . . ." The probation officer's report recommended a finding that defendant could pay counsel fees of $500. However, the court reduced the amount to $200 "in the interest of getting restitution" to the property owner. The trial court then asked defendant "Do you accept probation on the remaining terms and conditions?" Defendant answered, "Yes, ma'am." Finally, at the very end of the sentencing hearing, the court again asked defendant, "You accept probation on those terms?" and defendant again answered, "Yes, ma'am." At no point during the hearing did defense counsel object to any of the probation terms or to the fees imposed, other than asking the court "to set the fines and fees at their minimum since he's going to have actual restitution," which was to be determined at a restitution hearing set for May 24, 2013.

This appeal followed.

## DISCUSSION

1. *Alcohol-Related Probation Conditions*

Defendant challenges the alcohol-related conditions of his probation on two separate grounds. The first is that they are not reasonably related to defendant's theft

3

offense and his particular circumstances. The second is that they are unconstitutional on their face because they are both overbroad and not narrowly tailored. As discussed below, defendant waived his right to challenge the conditions as they relate to him in particular. Further, while defendant did not waive the constitutional challenges to these conditions, he neither fully supports his challenges with specific case law nor carries his burden as appellant to establish error by the trial court.

        *a.*       *Arguments Specific to Defendant are Waived*

At the time of sentencing, the trial court adopted the probation conditions listed in the probation report. As described above, defendant twice told the court that he agreed to the probation terms and conditions, and there was otherwise no objection by defendant.

We agree with the People that defendant waived his right to challenge the alcohol-related probation conditions as applied to him in particular because he failed to object to them at the sentencing hearing.

Courts have broad discretion to impose conditions of probation that foster rehabilitation or protect public safety. (§ 1203.1; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) Appellate courts, "review conditions of probation for abuse of discretion. [Citations.] Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citation.] This test is

4

conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

If defendant had objected to these terms of his probation, the trial court could have considered the factors in *Olguin*. The failure to object to unreasonable probation conditions at the sentencing hearing waives such claims on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.) "A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case." (*Id.* at p. 235.)

Here, defendant was well aware of the conditions of probation imposed by the trial court, including the challenged conditions, as he acknowledged in open court. In addition, defense counsel told the court that defendant agreed to the conditions after having been fully advised of the conditions. We find that defendant has waived his objection to conditions 15, 16 and 23, as applied to him in particular, by failing to make such objection in the lower court at the time of sentencing.

  *b.*  *Constitutional Arguments Not Waived But No Error Established*

Regarding defendant's constitutional challenges to the conditions, we first consider whether the claims have been forfeited by his failure to raise them below. Our Supreme Court has determined that the forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague or overbroad on its face and the claim can be resolved on appeal as a pure question of law without reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887-889.) In this case, we will consider

the substance of defendant's constitutional claims to the extent they present pure questions of law without reference to the sentencing record.

Defendant's constitutional claim is three-fold. First, defendant contends condition number 15 prohibiting defendant from entering a place where alcohol is the chief item for sale "chills far too much protected activity, including association and privacy rights" and is not narrowly tailored to reform and rehabilitate defendant. Defendant's argument about whether the condition is narrowly tailored to help reform and rehabilitate him involves an examination of the record for his background and characteristics, is not purely a question of law, and so is waived, as explained above. Neither does defendant support the conclusory statement in both his briefs—that the condition chills too much protected activity—with any specific citations to law that would assist this court in evaluating his argument. Therefore, we decline to address it. (See *People v. Brown* (2003) 31 Cal.4th 518, 538, fn. 6)

Second, defendant argues the testing requirement of condition number 15 is overbroad because it "presents a significant risk of violating his right to privacy." Again, defendant both ties this argument to the specific facts of his case and fails to back up his general constitutional argument with any specific case law holding that alcohol testing, on its face, is an unconstitutional requirement.

Third, defendant asserts that conditions number 16 and 23, requiring defendant to attend counseling or NA/AA meetings, "impermissibly give too much discretion to the probation officer to decide whether appellant can consume or possess alcohol, or when

6

and whether he must submit to testing." The actual wording of these conditions is as follows. Condition number 16: "Participate in a counseling program as directed by the Probation Officer, submit monthly proof of attendance and/or successful completion to the Probation Officer as directed and abide by all rules and regulations of the counseling program and be responsible for payment of all program fee(s)." Condition number 23: "Attend NA/AA meetings as directed by the Probation Officer and show proof of attendance to the Probation Department." Neither of these conditions gives the probation officer discretion to decide whether defendant can consume alcohol—the court itself prohibited alcohol consumption in condition number 15, which is discussed above. Defendant again does not support his challenge to the alcohol testing discretion given to the probation officer in condition number 15. The general quote from *In re James C.* (2008) 165 Cal.App.4th 1198, 1205 that a probationer has a right to privacy does not persuade this court, as a matter of law, that trial courts may not empower probation officers to test probationers for alcohol use in their reasonably exercised discretion.

2.    *Counsel Fees*

Defendant argues the trial court erred when it ordered him to pay a $200 counsel fee without first determining his ability to pay.

The People argue that defendant forfeited any objection to the counsel fee by failing to object in the lower court. Defendant argues that he can raise the issue on appeal for the first time because the determination of such fees presents an insufficient evidence

7

claim that cannot be forfeited, citing in part to *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1397-1401 (*Pacheco*).

The California Supreme Court in *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*) disapproved *Pacheco* as to booking fees imposed under Government Code section 29550.2, but implicitly approved the *Pacheco* non-waiver treatment as to counsel fees under section 987.8. As discussed below, we conclude that defendant did not waive the attorney fee issue. We further conclude that the trial court erred in assessing the attorney fee without first determining defendant's ability to pay.

Generally, in the interests of fairness and judicial economy, only "those claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) However, in *Pacheco*, the Sixth Appellate District found that challenges to attorney fees, among others, are *not* forfeited by a failure to object below because they are all, in essence, a challenge to the sufficiency of the evidence to support the trial court's order. (*Pacheco, supra*, 187 Cal.App.4th at p. 1397.) In addition, our Supreme Court included attorney fees under section 987.8 in a list of statutes in which the Legislature has imposed "procedural requirements or guidelines for the ability-to-pay determination," which weakens the "rationale for forfeiture." (*McCullough, supra,* 56 Cal.4th at pp. 598-599.) Thus, we will address the merits of defendant's arguments.

Section 987.8, subdivision (b), provides that, "upon conclusion of the criminal proceedings in the trial court, . . . the court may, after giving the defendant notice and a hearing, make a determination of his present ability to pay all or a portion of the cost of

8

the legal assistance provided him." (*People v. Flores* (2003) 30 Cal.4th 1059, 1061 (*Flores*).)

"Ability to pay" is defined in section 987.8, subdivision (g)(2), to mean "the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her . . . ." This subdivision also includes a number of factors that must be considered in making a determination as to whether a defendant has the "ability to pay." For example, the court must consider "[t]he defendant's present financial position"; "[t]he defendant's reasonably discernible future financial position" within the six months following the hearing date; and "[t]he likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing." (§ 987.8, subds. (g)(2)(A), (B) & (C).) "[T]here is a presumption under the statute that a defendant sentenced to prison does not have the ability to reimburse defense costs. Subdivision (g)(2)(B) of section 987.8 provides in pertinent part: 'Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense.'" (*Flores, supra,* 30 Cal.4th at p. 1068.)

Here, the record shows the trial court did not overtly or implicitly consider the above factors, as it was required to do.

Defendant was ordered to serve six months in jail with credit for a little more than 30 days served. We might consider this sufficient evidence that defendant could not pay the counsel fee, except that the trial court commented that defendant was unlikely to

spend more than 90 days in jail, and "may end up with weekends." In addition, although defendant had a history of self-employment at which he earned between $2,000 and $4,000 per month, he also reported medical debts from a hospital stay of between $8,000 and $12,000. Based on this mixed record, we are unable to reliably determine whether defendant had the present ability to pay the counsel fee. However, in the interest of conserving the judicial resources that would be expended in a remand to hold a hearing on this issue, we strike the counsel fee.

**DISPOSITION**

The judgment is modified to strike the $200 counsel fee. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT
J.[*]

We concur:

RAMIREZ
P. J.

RICHLI
J.

---

[*] Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.