Filed 2/18/15  In re C.P. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re C.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>C.P.,<br><br>        Defendant and Appellant. | A141279<br><br>(Contra Costa County<br>Super. Ct. No. J1101578) |

C.P. is a juvenile ward who has had a number of brushes with the law and is now subject to probation conditions.  In this appeal, he claims that a condition prohibiting him from changing his residence without his probation officer's approval is unconstitutional. This condition was first imposed on C.P. about three years ago and then re-imposed several times, but he never objected to it below.  We conclude that he forfeited the claim, and we affirm the juvenile court's disposition order.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

C.P. first came to the juvenile court's attention in late 2011, when a juvenile wardship petition was filed alleging he committed carjacking (Pen. Code, § 215, subd. (a)) and second-degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)).  He was 15 at

1

the time.  C.P. pleaded no contest to the carjacking count, and the robbery count was dismissed.  Following a contested disposition hearing, the juvenile court adjudged C.P. a ward of the court.

The form disposition order entered in February 2012 includes the following language:  "STANDARD CONDITIONS OF PROBATION. . . .  [Do n]ot change residence without prior approval of [probation officer] & notify [probation officer] of change of address/telephone number within 5 days."  The record contains no indication that an objection was made to this condition.  C.P. did not appeal from the disposition order.

C.P. was placed at Children's Home of Stockton, but within weeks of his arrival he left and went missing for some time.  A notice of probation violation was filed (Welf. & Inst. Code, § 777[1]), and C.P. admitted the violation.  He was placed at Paradise Oaks Youth Services on May 3, but he was soon accused of assaulting and threatening staff and was terminated from the program.  The juvenile court sustained an allegation that C.P. violated the terms of his probation, and it committed him to the Youthful Offender Treatment Program (YOTP) for a period of up to eight years, 199 days, or until he turned 21.  As did the previous disposition order, this order included the standard condition that C.P. not change his residence without his probation officer's prior approval.  Again, there is no indication C.P. objected to the condition.

C.P. remained at YOTP for nearly a year and was released to home supervision (monitored with an ankle bracelet) in September 2013.  A notice of probation violation was filed less than two months later, on November 19, alleging that C.P.'s ankle transmitter "went into 'strap tamper' status," and C.P. was brought by his mother to the probation department two days later to have the transmitter reconnected.  On November 21, yet another notice of probation violation was filed alleging C.P. had been suspended from school, had left home without permission, and had removed his ankle transmitter and could not be located.  C.P.'s whereabouts were unknown for two weeks,

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

2

and authorities later learned C.P. had been in a car accident and fled the scene before he removed his ankle transmitter. At a hearing in December regarding the two November petitions, C.P. admitted the allegations of the November 21 petition, and the November 19 petition was stricken. C.P. requested a contested disposition hearing, and the matter was referred to the probation department for a recommendation.

The probation department recommended continuing C.P.'s wardship with no termination date and returning C.P. to YOTP. The probation department also recommended the "Standard Conditions of Probation" that had been included on previous orders, including the condition that C.P. "not change residence without prior approval of [probation officer] and notify [probation officer] of change of address/telephone number within 5 days."

Following a contested disposition hearing, C.P.'s attorney asked for C.P. to be rereleased to the community. The juvenile court instead ordered C.P. to remain in juvenile hall until he could be recommitted from the waiting list to YOTP for a nine-month commitment. The court continued C.P. as a ward with no termination date. It also imposed the standard terms and conditions of probation previously imposed, stating, without objection: "You're not to change your residence without the prior approval of the probation officer." That same term appeared on the form order entered after the hearing.

## II.
### DISCUSSION

C.P.'s sole argument on appeal is that the probation condition prohibiting him from changing his residence without his probation officer's approval is unconstitutionally overbroad. Section 730, subdivision (b) grants the juvenile court discretion to impose "all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." And section 727, subdivision (a)(3) provides that where, as here, a minor is declared a ward of the court under section 602, "the court shall order the care, custody, and control of the minor or nonminor to be under the supervision of the probation officer[,] who may place

3

the minor or nonminor" in various placements. But "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) Because C.P. did not object below to the condition, we must first consider whether he forfeited his overbreadth challenge by failing to object below. We conclude he did.

As a general rule, a defendant's appellate challenge to a probation condition on reasonableness grounds is forfeited if it is not raised at the hearing where the condition is imposed. (*People v. Welch* (1993) 5 Cal.4th 228, 230.) Sentencing courts have broad discretion to impose probation conditions regulating conduct that is not itself criminal, but the conditions "must be 'reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*Id.* at pp. 233-234, quoting *People v. Lent* (1975) 15 Cal.3d 481, 486.) "A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case." (*Welch*, at p. 235.)

On the other hand, an objection based on constitutional grounds (as opposed to reasonableness grounds), such as a defendant's claim that a probation condition is unconstitutionally vague or overbroad, is not always forfeited by the failure to raise the objection below. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 889.) Such a constitutional challenge is not forfeited when it presents a "pure question of law." (*Id.* at p. 887.) "In common with a challenge to an unauthorized sentence that is not subject to the rule of forfeiture, a challenge to a term of probation on the ground of unconstitutional vagueness or overbreadth that is capable of correction *without reference to the particular sentencing record developed in the trial court can* be said to present a pure question of law. Correction on appeal of this type of facial constitutional defect in the relevant probation condition . . . may ensue from a reviewing court's unwillingness to ignore 'correctable legal error.' " (*Ibid.*, italics added.) Our Supreme Court has stressed that "not . . . 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that

4

can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." [Citation.]' [Citation.] We also emphasize that generally, given a meaningful opportunity, the probationer should object to a perceived facial constitutional flaw at the time a probation condition initially is imposed in order to permit the trial court to consider, and if appropriate in the exercise of its informed judgment, to effect a correction." (*Id.* at p. 889; see also *People v. Munoz* (Feb. 5, 2015, C075983) __ Cal.App.4th__ ["forfeiture rule applies even to constitutional challenges of probation conditions if the constitutional question cannot be resolved without reference to the particular sentencing record developed in the trial court"].)

In *Sheena K.*, the minor challenged a probation condition prohibiting her from associating with anyone disapproved of by the probation department but without specifying that she needed to be aware of the disapproval. (*In re Sheena K.*, *supra*, 40 Cal.4th at pp. 878-879.) The Supreme Court concluded that the minor had not waived her constitutional objection by failing to raise it below. (*Ibid*.) The court held that the minor's objection amounted to a facial challenge because the absence of a knowledge requirement in the condition did "not require scrutiny of individual facts and circumstances but instead require[d] the review of abstract and generalized legal concepts." (*Id.* at p. 885.) Stated another way, the reviewing court could decide whether the challenged condition was unconstitutional in *all* situations, regardless of the underlying criminal activity or the individual minor's circumstances. According to the Supreme Court, the probation condition was unconstitutionally vague because it failed to notify the minor in advance with whom she could not associate. (*Id.* at pp. 891-892.)

C.P. acknowledges he failed to challenge his probation condition, but he contends that the issue is nonetheless preserved because he is asserting a facial challenge presenting a pure question of law. We disagree. At least one other Court of Appeal has considered a similar probation condition, but its opinion does not offer much guidance on the forfeiture issue. (*People v. Bauer* (1989) 211 Cal.App.3d 937.) In *Bauer*, Division

5

Two of this court struck down a probation condition requiring a defendant to obtain his probation officer's approval of his residence. (211 Cal.App.3d at pp. 940, 945.) It is unclear whether the defendant objected to the condition below, but the court in any event evaluated whether the condition complied with the reasonableness test of *People v. Lent*, *supra*, 15 Cal.3d 481. (*Bauer*, at p. 944.) The Supreme Court has since clarified that any objection on reasonableness grounds (as opposed to constitutional grounds raising pure issues of law) is forfeited absent an objection in the trial court (*People v. Welch*, *supra*, 5 Cal.4th at p. 230), which means that under current law the defendant in *Bauer* would have forfeited his unreasonableness claim absent an objection in the trial court.[2]

We conclude that under applicable Supreme Court precedent, C.P. forfeited his objection. We recognize that a probation condition restricting an adult's ability to change residences may run afoul of the constitutional right to travel and freedom of association. (*People v. Bauer*, *supra*, 211 Cal.App.3d at p. 944 [condition that probation officer approve defendant's residence "all the more disturbing because it impinges on constitutional entitlements"].) But probation conditions imposed on juveniles " 'may be broader than those pertaining to adult offenders' " because " 'juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.' " (*In re R.V.* (2009) 171 Cal.App.4th 239, 247; see also *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358, fn. 4 ["Conditions of juvenile probation may confer broader authority on the juvenile probation officer than is true in the case of adults [citations]."]) When the state takes jurisdiction over a minor, it takes legal custody of the child and " 'stands in the shoes of the parent.' " (*In re R.V.,* at p. 248; *In re Nathan W.* (1988) 205 Cal.App.3d 1496, 1500.) " '[T]he juvenile court may impose probation conditions that infringe on constitutional rights if the conditions are tailored to meet the needs of the minor.' " (*In re R.V.*, at p. 248.)

---

**2** Whether a trial court may impose a probation condition requiring an adult defendant to reside at a residence approved by her probation officer is currently pending before the Supreme Court. (*People v. Schaeffer* (2012) 208 Cal.App.4th 1, review granted Oct. 31, 2012, S205260.) The court apparently did not grant review on the issue of possible forfeiture.

Thus, whether C.P.'s probation condition is permissible depends on whether it is tailored to meet his specific needs, and this inquiry is not a pure question of law because it involves reviewing the underlying factual record. (Cf. *In re Sheena K.*, *supra*, 40 Cal.4th at pp. 887-889; see, e.g., *In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373 [restriction on minor's travel to gang territory might be proper for a minor living outside the gang's territory but overbroad for a minor who lives, works, or attends school within that same area]; *In re Antonio R.* (2000) 78 Cal.App.4th 937, 941-942 [upholding probation condition requiring minor who lived in one county not to travel to another county, where criminal conduct at issue occurred and his gang was located].) The record reveals ample and legitimate reasons for C.P.'s residence to be closely monitored since C.P. has had an extensive history of going missing while under the probation department's supervision. Given the statutory authority and responsibility for probation officers to place minors in appropriate settings (§ 727, subd. (a)(3)), we cannot conclude *as a matter of law* that the residency restriction is facially impermissible here or in all situations.

This case is distinguishable from the cases upon which C.P. relies where juvenile courts effectively banished minors as a condition of probation because the conditions were far more restrictive in those cases and, in one of them, the minor objected below. (*In re James C.* (2008) 165 Cal.App.4th 1198, 1201-1202, 1205 [condition banishing minor, a U.S. citizen, to Mexico over his objection violated constitutional rights of freedom of travel, assembly, and association]; *In re Babak S.* (1993) 18 Cal.App.4th 1077, 1082, 1085 [requirement that minor live in Iran for two years constituted de facto deportation and impermissibly violated minor's constitutional rights].)

C.P. contends that the restriction grants his probation officer "too much power to proscribe where" he may live. (E.g., *People v. Leon* (2010) 181 Cal.App.4th 943, 953 ["A probation condition that in effect delegates unfettered discretion to a probation officer to determine its scope at the very least risks being unconstitutionally overbroad"]; *People v. O'Neil*, *supra*, 165 Cal.4th at pp. 1357-1358 [probation condition gave probation officer no limits on persons officer could prohibit defendant from associating

with; court must in some way define relevant class of persons].) But there is no allegation or evidence that his probation officer has ever unreasonably withheld permission for C.P. to change residences. (*People v. Olguin* (2008) 45 Cal.4th 375, 378, 383 [where no allegation any probation officer had taken action to restrict a defendant's ability to own or keep pet, it was speculative to conclude that an officer would do so under condition requiring probationer to notify officer of presence of any pets at probationer's residence].)

In reaching our conclusion we are mindful that the challenged condition is contained on a preprinted form, and "[i]f we were to strike down the condition as facially overbroad, we would invite wholesale attack on the probation condition in every case, even for those [delinquents] as to whom it is unquestionably legitimate. Our role in this appeal is to review the conditions of probation for facial constitutionality, not to micromanage how the juvenile court structures its probation conditions." (*In re Victor L.* (2010) 182 Cal.App.4th 902, 922, fn. omitted [rejecting argument, raised for first time on appeal, that proscription on possessing paging device or other portable-communication technology violated juvenile's First Amendment rights].)

In sum, we conclude that by not objecting below, C.P. forfeited his challenge to the requirement that he not change his residence without his probation officer's prior approval. We observe, however, that he is not without a remedy because he may seek modification of the condition in the juvenile court. (§§ 775, 778; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1141.)

### III.
#### DISPOSITION

The disposition order is affirmed.

 

                                              _____

                                              Humes, P.J.

We concur:


_____

Margulies, J.


_____

Banke, J.