10-1264
Henry v. Quarantillo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand eleven.

Present:
>    ROBERT A. KATZMANN,
>    REENA RAGGI,
>    RAYMOND J. LOHIER, JR.,
>        *Circuit Judges*,

---

LEROY ANTHONY HENRY, A# A-19-409-012,

>    *Plaintiff-Appellant*,

>        v.                                                    No. 10-1264

ANDREA QUARANTILLO, District Director, New York
District Office of the U.S. Citizenship & Immigration Services,
ROBERT P. WEIMANN, Chief, Administrative Appeals
Office, U.S. Citizenship and Immigration Services,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

>    *Defendants-Appellees*.

---

For Plaintiff-Appellant:              SCOTT E. BRATTON, Margaret Wong & Associates Co.,
                                      LPA, Cleveland, Ohio.

For Defendants-Appellees:            MARGARET M. KOLBE, Assistant United States
                                     Attorney (Varuni Nelson and Scott Dunn, Assistant
                                     United States Attorneys, *on the brief*), *for* Loretta E.
                                     Lynch, United States Attorney for the Eastern District
                                     of New York, Brooklyn, N.Y.


Appeal from the United States District Court for the Eastern District of New York
(Trager, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and
**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Leroy Henry appeals from the February 2, 2010 order of the district
court granting the defendants' motion for summary judgment dismissing the complaint.  On
appeal, Henry argues that the district court erred in granting summary judgment on the ground
that Henry failed to demonstrate that he derived citizenship through his father's 1972
naturalization pursuant to 8 U.S.C. § 1432(a)(3).  We assume the parties' familiarity with the
facts and procedural history of this case.

As an initial matter, we assume for purposes of this appeal that Henry has satisfied the
requirements of 8 U.S.C. § 1503(a) and, accordingly, that we have jurisdiction over the action.
We review the district court's grant of summary judgment *de novo*.  *See, e.g.*, *Roe v. City of
Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).  "It is beyond cavil that [we] may affirm the
judgment of the district court on any ground appearing in the record."  *Shumway v. United
Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir. 1997).

Henry claims that he became a citizen of the United States through his father's 1972
naturalization pursuant to section 321 of the Immigration and Nationality Act, the former 8

2

U.S.C. § 1432.[1]  Section 1432(a) provided that a child born outside of the United States to alien parents becomes a citizen of the United States upon "[t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents . . . and if . . . [s]uch naturalization takes place while such child is under the age of eighteen years."  8 U.S.C. § 1432(a)(3), (4) (1999).  Under § 1432, "derivative citizenship is automatic; that is, when certain conditions exist, a child becomes a U.S. citizen even though neither parent, nor the child, has requested it and regardless of whether any of them actually desires it."  *Lewis v. Gonzales*, 481 F.3d 125, 131 (2d Cir. 2007) (per curiam).  We have held that "§ 1432(a)(3) requires a formal act which, under the laws of the state or nation having jurisdiction of the marriage, alters the marital relationship either by terminating the marriage (as by divorce), or by mandating or recognizing the separate existence of the marital parties."  *Brissett v. Ashcroft*, 363 F.3d 130, 134 (2d Cir. 2004).

Here, there is no dispute that Henry's parents have never been married.  Henry nevertheless argues that his parents were legally separated under Jamaican law prior to his eighteenth birthday.  He presents as evidence an order of the Supreme Court of Judicature of Jamaica, High Court Civil Division, dated July 29, 2008 (the "2008 Order"), which provides in pertinent part that Henry's parents "were common law spouses for the period 1953-1966" and "are separated and having been so separated from and since 1966."  App'x 216.  The 2008 Order, however, does not purport to apply retroactively, or *nunc pro tunc*, as of 1966.  Nor does it purport to effect a legal separation of Henry's parents.  Henry indeed relies upon a letter of

---

[1]Section 1432 was repealed by the Child Citizenship Act of 2000 ("CCA"), Pub. L. No. 106-395, § 103, 114 Stat. 1631, 1632.  The CCA does not apply retroactively, *see Drakes v. Ashcroft*, 323 F.3d 189, 191 (2d Cir. 2003) (per curiam), and thus is inapplicable here.

Deborah Dowding of Chambers, Bunny & Steer, which acknowledges that "[Jamaican] courts can not issue a decree of judicial separation," but can issue a declaration, based upon evidence, of the date of "the inception of the union" and "the date of separation which is a *question of fact*." *Id.* at 219 (emphasis added). Dowding's letter therefore suggests that the 2008 Order declares that Henry's parents were separated as a factual matter only. Accordingly, Henry has not borne his burden of demonstrating a "legal separation" of his parents prior to his eighteenth birthday, as required by 8 U.S.C. § 1432(a).

We conclude that the district court did not err in granting summary judgment dismissing the complaint on the ground that Henry failed to establish derivative citizenship pursuant to 8 U.S.C. § 1432. We have considered Henry's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK