*Lemonious v. Barr*

BIA
Straus, IJ
A045 439 025

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty.

PRESENT:    ROSEMARY S. POOLER,
            JOSEPH F. BIANCO,
                *Circuit Judges,*
            JENNIFER CHOE-GROVES,
                *Judge.\**

_____

ANDRE NORBERT LEMONIOUS,

            *Petitioner*,

            v.                                                   18-2095

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

            *Respondent*.

_____


FOR PETITIONER:              RENEE C. REDMAN, Law Office of Renee C. Redman, New Haven, CT.

_____

\* Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.

FOR RESPONDENT:                          VIRGINIA L. GORDON, Trial Attorney (Joseph H. Hunt, Assistant Attorney General; Margot L. Carter, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Andre Norbert Lemonious seeks review of a July 10, 2018 decision of the BIA affirming a January 18, 2018 decision of an Immigration Judge ("IJ"), denying his motion to terminate his removal proceedings on the ground that he derived U.S. citizenship from his mother. *In re Andre Norbert Lemonious*, No. A045 439 025 (B.I.A. July 10, 2018), *aff'g* No. A045 439 025 (Immig. Ct. Hartford Jan. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

### A. Jurisdiction and Standard of Review

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court has jurisdiction to consider questions of law related to U.S. citizenship. 8 U.S.C. § 1252(a)(2)(C), (D); *Ashton v. Gonzales*, 431 F.3d 95, 97 (2d Cir. 2005) ("If [petitioner] is a United States citizen, then § 1252(a)(2)(C) cannot bar his petition."). We consider such questions *de novo*. *Nwozuzu v. Holder*, 726 F.3d 323, 326 (2d Cir. 2013).

### B. Physical Custody

Lemonious's citizenship claim is governed by the Child Citizenship Act of 2000 ("CCA"), which provides:

> A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:
>
> (1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.
> (2) The child is under the age of eighteen years.
> (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

8 U.S.C. § 1431(a).

The sole issue here is whether Lemonious met the statute's requirement that he was "residing in the . . . physical custody of the citizen parent," such that he derived U.S. citizenship from his mother. *See id.* § 1431(a)(3). If he did, the removal proceedings against him – based on his prior convictions that constitute aggravated felonies – may be terminated.

We previously addressed this "physical custody" requirement in *Khalid v. Sessions*, 904 F.3d 129 (2d Cir. 2018). There, the petitioner was in pretrial juvenile detention in Maryland at the time his father became a naturalized U.S. citizen. 904 F.3d at 130, 133 n.5. There was no dispute that before Khalid's pretrial juvenile detention, the petitioner had continuously resided in the United States with his father for approximately four years. *Id.* at 131.

In *Khalid*, we held that the term "physical custody" was ambiguous. *Id.* at 132. Then, after examining "the broader statutory context and its history," *id.*, and "state law definitions of 'physical custody' in the family law context," *id.* at 133, we found that "physical custody" in § 1431(a)(3) is not limited to actual residence, but rather required the Court to look more closely

3

at the connection between the naturalizing parent and the child, including Khalid's "particular custody arrangement at the time [his] parent naturalize[d]" and when he became eligible for citizenship, *id.* at 139-40.  We concluded that, despite his federal pretrial juvenile detention, Khalid met the "physical custody" requirement because his physical separation from his father was brief and temporary, and the Juvenile and Delinquency Prevention Act of 1974 created a framework "for preserving the juvenile's connection to his or her family and the family's continued involvement in the juvenile's life during the period of federal pretrial detention."  *Id.* at 139.  Thus, we found that the petitioner's brief, pretrial detention did not interrupt his residence in his father's physical custody.  *Id.* at 141.

In reaching this decision in *Khalid*, we articulated that the critical factors supporting the conclusion that Khalid satisfied the physical custody requirement were that his custody was brief, temporary, pre-trial, and in a juvenile facility.  *Id.*  For example, the Court noted that the principle of lenity "supports reading 'physical custody' not to hinge on the *brief and temporary separation* created by Khalid's *pretrial detention*, when no court had yet adjudicated Khalid guilty of any offense."  *Id*. at 139 (emphasis added).  Throughout the opinion, the Court referred to how the common understanding of "physical custody" may encompass the exceptional circumstance where there is a short, temporary physical separation between a parent and child. *Id.* at 135; *see also id*. at 131 ("[State law] definitions provide some direction and indicate that a parent's physical custody of a child does not cease due to a child's *brief, temporary separation* from a parent." (emphasis added)); *id*. at 131 ("[T]he applicable canons of statutory interpretation also favor construing the term 'physical custody' so that such custody does not terminate upon a *brief, temporary separation* from a parent." (emphasis added)).

Furthermore, in pointing out the potential unintended results of the BIA's interpretation, this Court referred to the temporary separation between a parent and child due to boarding school or a semester abroad – again focusing on the brief, temporary nature of the separation. *Id.* at 140. In distinguishing the facts in *Khalid* from a situation where a juvenile has been adjudicated guilty, this Court specifically noted that "[t]here may be reason in such situations to determine that a minor is not in a naturalizing parent's physical custody for purposes of 8 U.S.C. § 1431." *Id.* (citing *Romo-Jimenez v. Lynch*, 607 F. App'x 745, 745-46 (9th Cir. 2015)). Finally, the Court reaffirmed the importance of these factors in the conclusion: "[w]e hold that the brief, temporary separation created by Khalid's pretrial juvenile detention did not prevent Khalid from satisfying the 'physical custody' requirement of 8 U.S.C. § 1431." *Id.* at 141.

## C. Application

Lemonious's mother became a naturalized U.S. citizen in March 2004, when Lemonious was seventeen years old. At the time his mother naturalized and through his eighteenth birthday, Lemonious was serving three concurrent sentences of one to three years' imprisonment in a New York correctional facility pursuant to a youthful offender adjudication.

None of the factors that we emphasized in *Khalid*, which supported a finding of "physical custody" despite the absence of actual residency with the naturalizing parent, are present here. First, Lemonious's separation from his mother was neither brief nor temporary. He was incarcerated from March 21, 2003 to January 13, 2006, for a total of nearly two years and ten months. His mother was naturalized on March 22, 2004, a year after his incarceration began, and he was released one year and nine months after she became a U.S. citizen. In addition, more than five months passed between his mother's naturalization and his eighteenth birthday on September

5

10, 2004. Second, unlike Khalid, Lemonious was adjudicated as a youthful offender of a crime during the relevant timeframe[1] and, thus, was not a pretrial detainee. Third, notwithstanding that Lemonious was a juvenile when he was incarcerated, he was held in an adult facility at all times of his imprisonment. Therefore, although we do not construe physical custody to require "actual residency," we conclude that finding citizenship under the particular facts of this case would be inconsistent with the term "physical custody" in 8 U.S.C. § 1431(a). We reach this conclusion even when that term is considered in the family law context, as well as the broader statutory context of the CCA and its history. Accordingly, because we find that Lemonious was not in the "physical custody" of his U.S. citizen mother under these factual circumstances, we find that Lemonious did not derive U.S. citizenship from her when she naturalized.

For the foregoing reasons, Lemonious's petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Although the statute does not specify a relevant timeframe, "a court must determine eligibility by 'viewing matters at the time that [an applicant's parent] became naturalized.'" *Henry v. Quarantillo*, 684 F. Supp. 2d 298, 311 (E.D.N.Y. 2010) (discussing a provision repealed by the CCA, 8 U.S.C. § 1432) (quoting *Fierro v. Reno*, 217 F.3d 1, 6 (1st Cir. 2000)), *aff'd*, 414 F. App'x 363 (2d Cir. 2011).